UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF INDIANA

SOUTH BEND DIVISION

| ANTONIO CANTU, | ) | |
|---|---|---|
| Petitioner | ) | |
| vs. | ) | CAUSE NO. 3:12-CV-181 RM |
| | ) | (Arising out of 3:11-CR-40 RM) |
| UNITED STATES OF AMERICA, | ) | |
| Respondent | ) | |

OPINION and ORDER

Antonio Cantu pleaded guilty to a charge of committing bank robbery by force or violence, in violation of 18 U.S.C. § 2113(a). He was sentenced to a 178 month term of imprisonment to be followed by three years of supervised release, and a $100 special assessment was imposed. Mr. Cantu is now before the court asking that his sentence be vacated pursuant to 28 U.S.C. § 2255.

Relief under § 2255 is reserved for extraordinary situations. Prewitt v. United States, 83 F.3d 812, 816 (7th Cir. 1996). "Relief under § 2255 is available only for errors of constitutional or jurisdictional magnitude, or where the error represents a fundamental defect which inherently results in a complete miscarriage of justice." Kelly v. United States, 29 F.3d 1107, 1112 (7th Cir. 1994), overruled on other grounds, United States v. Ceballos, 302 F.3d 679 (7th Cir. 2002). A court may deny a § 2255 motion without an evidentiary hearing if "the

motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Because the petition's claims, together with the record of this action, conclusively demonstrate that Mr. Cantu isn't entitled to the relief he seeks, the court decides this matter without holding an evidentiary hearing.

Examination of Mr. Cantu's plea agreement reveals that he waived his right to appeal his conviction and sentence and to contest his conviction and sentence in a § 2255 proceeding. Mr. Cantu's plea agreement, signed by Mr. Cantu, his attorney H. Jay Stevens, and Assistant United States Attorney Donald Schmid, contains the following language in paragraph 9(d):

> (d) I understand that the offense to which I am pleading guilty falls under the Sentencing Guidelines promulgated by the United States Sentencing Commission under Title 28, United States Code, Section 994. I am aware that my sentence will be determined in accordance with the statutory maximums listed above, the United States Sentencing Guidelines, and this plea agreement. I agree that the court has jurisdiction and authority to impose any sentence within the statutory maximum set for my offense(s) as set forth in this plea agreement. With that understanding, I expressly waive my right to appeal my conviction, my sentence and any restitution order to any court on any ground, including any claim of ineffective assistance of counsel. I also agree not to contest my conviction, my sentence, any restitution order imposed, or the manner in which my conviction, the sentence or the restitution order was determined or imposed on any ground including any alleged ineffective assistance of counsel in any appeal under Title 18, United States Code, Section 3742 or in any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255.

Despite the waivers and admissions in his plea agreement, Mr. Cantu now challenges his conviction and sentence based on his claims that (1) he entered

into his plea agreement with the understanding that he would receive a sentence of 144 months; (2) counsel provided ineffective assistance by not telling the court about Mr. Cantu's mental health issues; (3) the court erred when it didn't consider his serious mental illness; and (4) he wasn't given a downward departure for his cooperation with federal agents.

A plea agreement containing a waiver of the right to appeal and file a petition under § 2255 can be collaterally attacked in a limited number of circumstances, including challenges based upon contractual grounds such as mutual mistake or breach, United States v. Cook, 406 F.3d 485, 487 (7th Cir. 2005); when a defendant claims the waiver was involuntary or counsel was ineffective in negotiating the agreement, Mason v. United States, 211 F.3d 1065, 1069 (7th Cir. 2000); or when the sentence exceeds the statutory maximum sentence for the offense of conviction. United States v. Bownes, 405 F.3d 634, 637 (7th Cir. 2005).

At the change of plea hearing, Mr. Cantu was asked if he had read the plea agreement, and he told the court he had read "some" of the agreement and had been "going over it." The court and the attorneys then reviewed the various terms of the plea agreement with Mr. Cantu — including the possible maximum penalties, the applicability and operation of the Sentencing Guidelines, the essential elements of the crime of bank robbery, and the consequences of waiving his right to appeal or file for any collateral review of his conviction and sentence

3

— and he said he understood those terms. Mr. Cantu also testified that his plea was knowing and voluntary, that he told his counsel everything counsel needed to know to represent him in this case, that he had discussed the terms of the plea agreement with his counsel before the plea hearing, that he understood he was giving up his right to appeal or otherwise challenge his sentence, and that he was satisfied with the representation his counsel had provided.

A plea of guilty is valid so long as it is entered into knowingly and voluntarily. North Carolina v. Alford, 400 U.S. 25, 31 (1970). Mr. Cantu's sworn statements at his change of plea hearing are presumed to be truthful when determining whether his plea was knowing and voluntary. Bridgeman v. United States, 229 F.3d 589, 592 (7th Cir. 2000). The record supports a finding that Mr. Cantu's guilty plea was "a voluntary and intelligent choice among the alternate courses of actions open to him." Berkey v. United States, 318 F.3d 768, 773 (7th Cir. 2003) (*quoting* North Carolina v. Alford, 400 U.S. at 31). The plea agreement clearly and unambiguously sets forth the wavier of his right to appeal and file a § 2255 petition, the court explained the waiver to Mr. Cantu during the plea colloquy, and Mr. Cantu acknowledged that he understood. *See* Plea Hrg. Tr., at 13-14. Because Mr. Cantu's plea was informed and voluntary, the waiver of his right to appeal or file a § 2255 petition "must be enforced." Nunez v. United States, 546 F.3d 450, 453 (7th Cir. 2008).

To the extent Mr. Cantu's ineffective assistance of counsel claims could be construed as relating directly to the negotiation of the plea agreement, *see* Jones v. United States, 167 F.3d 1142, 1145 (7th Cir. 1999), he can't succeed on his petition. "To prevail on his ineffective assistance claim, [Mr. Cantu] must demonstrate that his counsel's performance fell below an objective standard of reasonableness, and that 'the [alleged] deficient performance prejudiced the defense.' In order to satisfy the prejudice prong, [Mr. Cantu] must establish that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Taylor v. Bradley, 448 F.3d 942, 948 (7th Cir. 2006) (*quoting* Strickland v. Washington, 466 U.S. 668, 687-688, 694 (1984)). "Prejudice in the context of a guilty plea requires a showing that but for counsel's deficient performance, [Mr. Cantu] would not have pleaded guilty." Galbraith v. United States, 313 F.3d 1001, 1008 (7th Cir. 2002).

Mr. Cantu hasn't alleged he wouldn't have pleaded guilty had counsel acted differently, United States v. Peterson, 414 F.3d 825, 827 (7th Cir. 2005), and while he claims he was "induced" to plead guilty by his attorney's representations that he would receive a 144-month sentence, the record powerfully suggests otherwise. While the government agreed it wouldn't seek a sentence above the applicable guideline range, *see* Plea Agree., ¶ 9(i), the plea agreement contains no promise that a 144-month sentence would be imposed or any agreement that a 144 month sentence would be recommended. To the contrary, the plea agreement contains

Mr. Cantu's statement that "[o]ther than what is contained in this plea agreement, no predictions, promises, or representations have been made to me as to the specific sentence that will be imposed." Plea Agree., ¶ 9(j).

Too, at the change of plea hearing, the court specifically asked Mr. Cantu if there was "anything that you think has been promised to you to get you to plead guilty that hasn't been mentioned here in court today", and Mr. Cantu responded, "No, sir." Plea Hrg. Tr., at 10. The court asked Mr. Cantu if "anybody made any other predictions to you as to what sentence you are going to get in this case," to which Mr. Cantu responded, "No, sir." Plea Hrg. Tr., at 13. The court also asked Mr. Cantu if "anybody made any promises or any threats to get you to plead guilty," and Mr. Cantu said, "No, sir." Lastly, the record establishes that Mr. Cantu's counsel did recommend to the court that Mr. Cantu receive a 144-month sentence, *see* Sent. Hrg. Tr., at 6; the court's imposition of a different sentence doesn't establish that Mr. Cantu's counsel was ineffective. *See* United States v. Rezin, 322 F.3d 443, 446 (7th Cir. 2003) (if an argument "does not prevail, then the lawyer is not guilty of ineffective assistance because ineffective assistance requires both that the lawyer fail to come up to minimum professional standards for the representation of criminal defendants and that the failure be prejudicial"). Mr. Cantu hasn't established any deficient performance by his attorney in the negotiation of the waiver provision of his plea agreement, nor has Mr. Cantu alleged or argued that any different actions by his counsel would have led him to

6

not plead guilty and proceed to trial, so his waiver of the right to file a § 2255 petition must be upheld.

Even if the court were to find that Mr. Cantu hadn't waived his right to file a § 2255 petition, he still couldn't prevail on his claims. Contrary to Mr. Cantu's claims in Grounds 2, 3, and 4 of his petition, his counsel informed the court of Mr. Cantu's mental health issues at the change of plea hearing and at the sentencing hearing. The record establishes the following: the court questioned Mr. Cantu about his schizophrenia and bipolar condition at the change of plea hearing by asking him how long he had been dealing with those issues, if he was taking medications, and whether he understood what was going on at the proceeding, Plea Hrg. Tr., at 3-4; before the sentencing hearing, Mr. Cantu's counsel filed a sentencing memorandum on Mr. Cantu's behalf detailing his mental health history, Deft. Sent. Memo. [docket # 33], at 1-3; at the sentencing hearing Mr. Cantu's counsel asked that the court consider Mr. Cantu's lengthy history of mental health issues in its sentencing decision and recommend that the Bureau of Prisons provide mental health treatment for Mr. Cantu during his incarceration, Sent. Hrg. Tr., at 4-6; and in its sentencing memorandum, the court recognized Mr. Cantu's history of mental health issues and physical injuries and that he might benefit from mental health treatment, Sent. Memo., at 3-4. The record provides no support for Mr. Cantu's claims in Grounds 2, 3, and 4 of his petition that he was denied effective assistance of counsel because his counsel didn't

inform the court of his mental health issues or that the court didn't consider his mental health problems in connection with his sentencing.

Mr. Cantu's remaining argument — that he should have been given a downward departure for cooperating with federal agents — doesn't present a claim that his sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose his sentence, or that his sentence was in excess of the statutory maximum, as required for relief under 28 U.S.C. § 2255(a). Mr. Cantu's belief that he should have received a downward departure for his cooperation isn't a ground for vacating his sentence under § 2255. *See* United States v. Richardson, 558 F.3d 680, 682 (7th Cir. 2009) ("The government doesn't have to reward criminals who cooperate with it with a lighter sentence."); Baker v. United States, 334 F.2d 444, 449 (8th Cir. 1964) ("[T]he fact that [Mr. Cantu] received a sentence more severe than he anticipated is not ground for vacation of his sentence.").

Based on the foregoing, Mr. Cantu isn't entitled to the relief he seeks. The court SUMMARILY DISMISSES his petition filed pursuant to 28 U.S.C. § 2255 [docket # 41].

SO ORDERED.

ENTERED:   September 20, 2012

/s/ Robert L. Miller, Jr.
Judge, United States District Court