UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| vs. | ) | CAUSE NO. 3:11-CR-40 RLM |
| | ) | |
| ANTONIO CANTU | ) | |

OPINION and ORDER

After pleading guilty to a charge of bank robbery by force or violence in violation of 18 U.S.C. § 2113(a), Antonio Cantu was sentenced in September 2011 to a term of 178 months' imprisonment. No appeal was taken. The court denied Mr. Cantu's petition under 28 U.S.C. § 2255 on September 20, 2012, and the court of appeals affirmed. United States v. Cantu, No. 12-3866 (7th Cir. Sept. 12, 2013). Mr. Cantu is now before the court on his "Petition for Writ of Error Coram Nobis," in which he claims that his trial counsel (i) failed to notify him of any plea offers made by the government; (ii) failed to argue that his prior convictions didn't meet the predicates necessary for career offender status; (iii) failed to investigate the "so-called predicates" used to support his career offender status; (iv) failed to argue that the enhancement needed to be found beyond a reasonable doubt by a jury; (v) failed to argue that his mental health issues affected his actions; and (vi) failed to alert the court that he (Mr. Cantu) was threatened by the government so that he would enter into the plea agreement. Mr. Cantu concludes that because his attorney provided ineffective assistance, his sentence should be vacated and he should be resentenced without a career offender enhancement.

A federal prisoner may seek to have his sentence vacated, set aside, or corrected based on a claim that the sentence was imposed in violation of the Constitution or laws of the United States or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). Mr. Cantu's first § 2255 petition was denied in September 2012. The sentencing court can consider a second or successive petition only if the petitioner seeks an order from the appropriate court of appeals authorizing the district court to consider the application. 28 U.S.C. § 2244(3); *see also* 28 U.S.C. § 2255(h) ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals . . . ."). Mr. Cantu hasn't alleged or established that he petitioned the Seventh Circuit for an order allowing him to proceed with a second or successive § 2255 petition, and he can't avoid the requirements of 28 U.S.C. § 2255 or § 2244 by "inventive captioning. Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, *is* a motion under § 2255, no matter what title the petitioner plasters on the cover." Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004) (internal citations omitted); *see also* Collins v. Holinka, 510 F.3d 666, 667 (7th Cir. 2007) ("A motion in a criminal case – whether nominally under Fed. R. Crim. P. 33, or bearing an ancient title such as coram nobis or audita querela – may be treated as one under § 2255, because the caption on a document does not matter."); United States v. Lloyd, 398 F.3d 978, 980 (7th Cir. 2005) ("Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari,

capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls." (*citing* Melton v. United States, 359 F.3d at 857)). And while a "procedure for postconviction relief can fairly be termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense," In re Davenport, 147 F.3d 605, 611 (7th Cir. 1998), Mr. Cantu has made no showing of the inadequacy of post-conviction remedies.

Mr. Cantu's "Petition for Writ of Error Coram Nobis" must be construed as a second or successive petition under 28 U.S.C. § 2255. Because Mr. Cantu previously filed a § 2255 petition in this court, his current motion [docket # 74] is DENIED as directed to the wrong court.

SO ORDERED.

ENTERED:   June 24, 2014  


   /s/ Robert L. Miller, Jr.  
   Judge, United States District Court