UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| vs. | ) | |
| | ) | Cause No. 3:11-CR-40-RLM |
| ANTONIO CANTU | ) | |
| | ) | |

OPINION and ORDER

On February 23, 2015, defendant Antonio Cantu filed a handwritten motion entitled "Successive Petition under 28 U.S.C. § 2255 (TAPIA ERROR)." (Doc. No. 83.) In this motion, Mr. Cantu asks the court "to reconsider a downward departure for [his] mental health problems," reduce his sentence under several theories – including the recent retroactive "drug minus two level" sentence reduction amendment – and asks the court to remove an offense from his presentence report. On July 30, 2015, Mr. Cantu filed another handwritten letter that asks the court to reduce his sentence under Johnson v. United States, 135 S. Ct. 2551 (2015), and requests copies of several documents. (Doc. No. 84.) For the following reasons, the court denies all of Mr. Cantu's motions with the exception of his request for copies of several documents.

On September 28, 2011, Mr. Cantu pleaded guilty to a charge of bank robbery by force or violence in violation of 18 U.S.C. § 2113(a) and was sentenced to 178 months' imprisonment, followed by three years of supervised release. Mr. Cantu then filed a motion to vacate his sentence under 28 U.S.C. § 2255 on April 13, 2012.

The court denied Mr. Cantu's § 2255 petition on September 20, 2012, chiefly because his plea agreement contained an explicit waiver of his right to appeal or collaterally attack his sentence. The court also noted that even if Mr. Cantu had not waived his right to challenge the sentence, none of the claims raised in his motion had merit. First, Mr. Cantu had argued that his counsel didn't inform the court about his mental health issues and the court didn't consider his serious mental illness; the court (as well as his counsel, counsel for the government, and the probation officer assigned to his case) was aware of Mr. Cantu's mental health issues and considered his mental health history when deciding his sentence. Second, Mr. Cantu claimed that he understood his plea agreement to mean that he would receive a sentence of 144 months, but the record clearly indicated otherwise. Finally, Mr. Cantu argued that he should have received a downward departure for his cooperation with federal agents, but a petition under § 2255 is limited to challenging sentences that violate the Constitution or the laws of the United States, that are imposed by courts without jurisdiction, or that are in excess of the statutory maximum – none of which are implicated by the imposition of an enhancement that Mr. Cantu believed unwarranted.

After his initial § 2255 petition was denied, Mr. Cantu asked the court to reconsider the denial by reiterating his previous arguments. Because the court had already considered and rejected all of Mr. Cantu's arguments, it denied his motion for reconsideration on November 26, 2012. Both this court and the court

of appeals denied Mr. Cantu's request for a certificate of appealability, since he hadn't made a substantial showing of the denial of a constitutional right.

Mr. Cantu again raised the same arguments (in addition to some new ones) on June 19, 2014, in a filing styled "Petition for Writ of Error Coram Nobis." The court concluded that this petition was, regardless of the title, a successive § 2255 petition, and had to be denied because Mr. Cantu hadn't sought an order from the court of appeals allowing him to proceed with a second or successive § 2255 petition as required by 28 U.S.C. § 2255(h). The court denied the motion as not before the appropriate court.

Mr. Cantu's latest motion is yet another successive § 2255 petition. Mr. Cantu titles his motion a "Successive Petition under 28 U.S.C. § 2255 (TAPIA ERROR)" and asserts the same arguments found in his first § 2255 petition.[1] As noted in the earlier order, a second or successive petition may only be considered by the sentencing court if the petitioner seeks an order from the appropriate court of appeals authorizing the district court to consider it. *See* 28 U.S.C. § 2244(3); *see also* 28 U.S.C. § 2255(h) ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals . . . ."). Again, Mr. Cantu hasn't shown or alleged that he petitioned the court of appeals for an order allowing him to proceed with a successive § 2255 petition, and he can't avoid the requirements of 28 U.S.C. § 2255 or § 2244 by

---

[1] This motion also asks the court to remove an offense from his presentence report that he claims was dismissed. Like his claim that a sentencing enhancement was wrongly applied to him, this is not a proper topic for a § 2255 motion because it does not involve a sentence imposed in violation of the Constitution or federal law.

"inventive captioning." Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004). "Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, *is* a motion under § 2255, no matter what title the petitioner plasters on the cover." Id. (emphasis in original). Mr. Cantu must first seek permission from the court of appeals to pursue a successive § 2255 motion, and he hasn't done so.

In addition to raising the claims already noted, Mr. Cantu's motion also asks that the court reduce the sentence for his 2003 conviction for use of a communication facility to facilitate the distribution of marijuana (Cause No. 2:03-CR-22) in accordance with the changes made to the sentencing guidelines by Amendment 782. That amendment only applies to cases in which the defendant is still serving a term of imprisonment. *See* United States v. Forman, 553 F.3d 585, 588 (7th Cir. 2009) (holding that crack-cocaine retroactive amendment did not apply to an already-completed sentence, and a sentence later imposed when supervised release on the initial sentence is revoked is not a part of the original sentence), *overruled on other grounds by* United States v. Taylor, 778 F.3d 667 (7th Cir. 2015). Mr. Cantu has already completed his term of imprisonment for his 2003 conviction, so Amendment 782 can't reduce the sentence imposed in that case.

In his July 2015 letter, Mr. Cantu also asks for relief under Johnson v. United States, 135 S. Ct. 2551 (2015), which held the so-called "residual clause" of the Armed Career Criminal Act unconstitutional. Johnson doesn't affect Mr.

Cantu's sentence. His classification as an armed career criminal wasn't based on the residual clause. The court determined that he was a career offender because he was convicted of two bank robberies and one felony controlled substance offense. Bank robberies qualify as burglaries and are thus within the statute's four enumerated offenses – not the residual clause.

Finally, in his letter Mr. Cantu also asks for copies of several documents. Mr. Cantu's request for documents implicates his right to meaningful access to the courts. *See* Rush v. United States, 559 F.2d 455, 459 (7th Cir. 1977) ("Denying access to court files to prisoners, given the statutory inspection rights granted by 28 U.S.C. § 753(b), works an invidious discrimination which cannot pass muster."). Mr. Cantu hasn't submitted evidence of indigence such that it would be necessary to provide him documents at public expense, but he is currently incarcerated and was represented in his criminal case by the federal community defender.

Mr. Cantu asks for a copy of the Career Criminal Act that was used to deem him a career offender, the transcript from June 1, 2012, his plea agreement, the indictment, his original § 2255 petition, and all motions filed in his case. He can view a copy of the Armed Career Criminal Act at his prison's law library. The court denies Mr. Cantu's request for a copy of the June 6, 2011 change of plea transcript because no motions pend, and because Mr. Cantu apparently has a copy of the transcript; he attached a copy of a page from the

transcript to his letter.[2] His request for copies of the following requested documents to be reasonable – his plea agreement (Doc. No. 16), indictment (Doc. No. 9), original § 2255 petition (Doc. No. 41), and the following motions (Doc. Nos. 3, 20, 21, 44, 55, 58, 63, 74) – and directs the clerk to send a copy of these documents to him.

For the foregoing reasons, the court DENIES Mr. Cantu's successive § 2255 petition because it is directed to the wrong court, DENIES his request for resentencing under the retroactive drug amendments, DENIES his request for relief under Johnson v. United States, 135 S. Ct. 2551 (2015), DENIES his request for a copy of a statute and a transcript, and GRANTS his request for the documents identified above.

SO ORDERED.

ENTERED: August 31, 2015

/s/ Robert L. Miller, Jr.
Judge
United States District Court

---

[2] The court notes that the dashes Mr. Cantu complains of are not indications that information has been omitted, but rather indicate a pause by the speaker.