UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| vs. | ) | Cause No. 3:11-CR-40-RLM |
| | ) | |
| ANTONIO CANTU | ) | |

OPINION and ORDER

Defendant Antonio Cantu filed a "motion for reconsideration under Tapia error," and the court denied it in a written order on August 31, 2015. (Doc. No. 86). In the order, the court construed Mr. Cantu's motion as an unauthorized second or successive § 2255 petition. Despite this holding, the court also went on to address on the merits Mr. Cantu's two new claims: his request for a sentence reduction based on Amendment 782 to the sentencing guidelines, and his request for relief based on the holding in Johnson v. United States, 135 S. Ct. 2551 (2015) that the residual clause of the Armed Career Criminal Act is void for vagueness. The court denied both these new claims on the basis that the changes to the law Mr. Cantu identified were not applicable to his conviction.

Mr. Cantu now asks the court to vacate the portions of its prior order that denied his Amendment 782 and Johnson claims on the merits. Mr. Cantu argues that because the court correctly construed his "motion for reconsideration under Tapia error" as a second or successive § 2255, it was not authorized to reach the merits of any of the claims raised in the motion – in particular, his request for relief under Johnson and his motion for a sentence reduction. Because a request

for relief under Johnson must be raised in a § 2255 motion in this circuit, the court vacates its denial of Mr. Cantu's Johnson claim on the merits. The court's denial of Mr. Cantu's request for a sentence reduction based on Amendment 782 was proper, and the court declines to vacate its denial of a sentence reduction.

The court of appeals has held that Johnson applies retroactively on collateral review, and so has considered and granted prisoners' requests to file second or successive § 2255 petitions based on it. *See* Price v. United States, 795 F.3d 731, 732 (7th Cir. 2015) (authorizing prisoner to file successive § 2255 petition because "Johnson announces a new substantive rule of constitutional law that the Supreme Court has categorically made retroactive to final convictions.")[1]; *see also* Stork v. United States, No. 15-2687, 2015 WL 5915990, at *1 (7th Cir. Aug. 13, 2015) (citing Price and authorizing district court to consider second or successive § 2255 petition based on Johnson argument). District courts in this circuit have interpreted this as implying that a request for relief based on Johnson *must* be raised in a § 2255 petition. *See* Bailey v. Cross, No. 15-CV-819-DRH, 2015 WL 5173525, at *2 (S.D. Ill. Sept. 2, 2015) ("Price seems to suggest that a motion filed pursuant to § 2255 is the appropriate vehicle

---

[1] There is a circuit split on this point. The Eleventh Circuit has reached the opposite conclusion, declining to certify second or successive § 2255 petitions based on the holding in Johnson on the grounds that it was not made retroactively applicable by the Supreme Court. *See* In re Rivero, 797 F.3d 986, 989 (11th Cir. 2015) ("Although we agree that Johnson announced a new substantive rule of constitutional law, we reject the notion that the Supreme Court has held that the new rule should be applied retroactively on collateral review."). The 10th Circuit has taken a similar position. *See* In re Gieswein, No. 15-6138, 2015 WL 5534388, at *3 (10th Cir. Sept. 21, 2015). This court, however, is bound by Seventh Circuit precedent, so only the Seventh Circuit's position is relevant to Mr. Cantu.

to bring a Johnson claim. If petitioner decides to pursue relief under § 2255, he is advised that because he previously filed a § 2255, he, like the petitioner in Price, would need to seek permission to file a second or successive § 2255 motion with the federal Court of Appeals"); *see also* Rickett v. Cross, No. 15-CV-00901-DRH, 2015 WL 5442788, at *2 (S.D. Ill. Sept. 15, 2015) (denying prisoner's § 2241 motion, holding that "petitioner's argument for why Section 2255 is an inadequate remedy [for a Johnson issue] evaporated when Price was published."); Jennings v. Lariva, No. 2:14-CV-0063-WTL-WGH, 2015 WL 5156047, at *2 (S.D. Ind. Sept. 2, 2015) (denying § 2241 petition based on Johnson, because "Price shows that an inmate in [petitioner's] situation has a meaningful remedy to file a second or successive § 2255 motion, via an application pursuant to 28 U.S.C. § 2255(h)."); Bishop v. Cross, No. 15-CV-00854-DRH, 2015 WL 5121438, at *2 (S.D. Ill. Aug. 31, 2015) ("Price indicates that a motion filed pursuant to Section 2255 is the primary vehicle for seeking relief under Johnson.")

Accordingly, a request for relief under Johnson is properly raised in a § 2255 petition, and a petitioner who has already filed a § 2255 must seek authorization from the court of appeals before bringing a Johnson claim in this court. Because Mr. Cantu's motion for reconsideration raised a Johnson claim without first seeking leave of the court of appeals, his claim wasn't properly before this court. The court therefore vacates that portion of its prior order denying Mr. Cantu's Johnson claim on the merits.

Mr. Cantu's request for a sentence reduction based on Amendment 782, however, was properly denied. Unlike a request for relief under Johnson, a request for a sentence reduction need not be raised in a § 2255 motion. 18 U.S.C. § 3582(c)(2) provides that a court may reduce the sentence of a defendant who was sentenced based on a subsequently-lowered guideline range "upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion." Thus, a request for sentence reduction based on Amendment 782 need not be raised in a § 2255 motion and is not subject to the bar on second or successive petitions. *See* United States v. Beard, 745 F.3d 288, 291 (7th Cir. 2014) (holding that a district court has jurisdiction to consider a second or successive request for sentence reduction).

For the reasons stated above, the court GRANTS IN PART AND DENIES IN PART Mr. Cantu's motion to vacate (Doc. No. 96). The court VACATES the portion of its August 31, 2015 opinion and order (Doc. No. 86) which denies on the merits Mr. Cantu's request for relief under Johnson v. United States. All other portions of the court's order will stand.

SO ORDERED.

ENTERED:  October 19, 2015

                                        /s/ Robert L. Miller, Jr.
                                        Judge
                                        United States District Court