UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ANTONIO CANTU,<br><br>    *Petitioner,*<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    *Respondent.* | Cause No. 3:16-cv-425 RLM<br>(Arising from 3:11-cr-40 RLM-1) |

## OPINION AND ORDER

This matter is before the court on petitioner Antonio Cantu's motion to vacate his sentence under 28 U.S.C. § 2255. The court denies his motion.

Mr. Cantu challenges his sentence on grounds that it violates the Constitution or laws of the United States. 28 U.S.C. § 2255(a). An evidentiary hearing isn't required if "the motion and files and records of the case conclusively show that the petitioner is entitled to no relief." 28 U.S.C. § 2255(b). The factual and legal issues raised can be resolved on the record, so no hearing is necessary. This is a successive petition for Mr. Cantu, which the court of appeals certified. 28 U.S.C. §§ 2244, 2255(h).

Mr. Cantu pleaded guilty to bank robbery, 18 U.S.C. § 2113(a), and was sentenced to prison for 178 months. The court enhanced his sentence after determining him to be a "career offender" under the guidelines, based on the conclusion that the crime for which he was being sentenced was a "crime of violence." U.S.S.G. §§ 4B1.1, 4B1.2. The career offender status enhanced his base offense level to 32 and criminal history category to VI. With a three-level

reduction for acceptance of responsibility, U.S.S.G. § 3E1.1, the guidelines recommended a range of 151 to 188 months' imprisonment, U.S.S.G. § 5A. The court decided on 178 months.

Mr. Cantu argues that after the Supreme Court's decision in <u>Johnson v. United States</u>, 135 S. Ct. 2251 (2015), bank robbery isn't a "crime of violence" under the guidelines, and so the sentencing enhancement was invalid. After his petition was fully briefed, the court of appeals held that bank robbery is a "crime of violence" under the "elements clause" of 18 U.S.C. § 924(c)(3). <u>United States v. Armour</u>, No. 15-2170, 2016 WL 6440383, at *2 (7th Cir. Nov. 1, 2016). The "elements clause" in the Guidelines is virtually identical to that in § 924(c)(3) and should be interpreted identically. *See* <u>United States v. Griffin</u>, 652 F.3d 793, 802 (7th Cir. 2011) ("[T]he definition of 'violent felony' under the ACCA is the same as the definition of 'crime of violence' in section 4B1.2 of the guidelines, and it would be inappropriate to treat identical texts differently just because of a caption.") (internal quotations omitted). Mr. Cantu's sentence is thus valid, and without substantial showing of the denial of a constitutional right, no certificate of appealability is issued. 28 U.S.C. § 2253.

The court DENIES Mr. Cantu's motion to vacate [Doc. No. 115]; DENIES as moot the prior versions of his motion [Doc. Nos. 109, 110, 113] that were consolidated into the most recent; and directs the Clerk to dismiss the civil case.

SO ORDERED.

ENTERED:  December 2, 2016

       /s/ Robert L. Miller, Jr.
Judge
United States District Court